**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 29, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30768
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SHON MOLETTE, also known as Sean Molette,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:03-CR-10027-ALL
--------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

    Shon Molette was convicted of distribution of crack cocaine,

possession of ammunition by a convicted felon, and possession

with intent to distribute crack cocaine.  He appeals only the

conviction for possession with intent to distribute crack

cocaine, for which he was sentenced to 240 months of

imprisonment.

    Molette argues that the evidence at trial was insufficient

to sustain the jury's verdict.  Specifically, he contends that he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

did not have constructive possession of the drugs at issue because they were found outside of his home.

The evidence, viewed in the light most favorable to the Government, showed that Molette was the sole occupant of the home and that the side yards of the property were enclosed by chainlink fences. Molette conducted most of his drug transactions in the rear yard of the home. We conclude that there was sufficient evidence for a rational jury to have found, beyond a reasonable doubt, that Molette had constructive possession over the crack cocaine found in a black bag outside of his home. See United States v. Romero-Cruz, 201 F.3d 374, 378 (5th Cir. 2000); United States v. Onick, 889 F.2d 1425, 1429 (5th Cir. 1989).

Molette concedes that there was some circumstantial evidence of his guilty knowledge. Molette contends, however, that such evidence was insufficient to prove his knowledge of the presence of the drugs given testimony that, when law enforcement officers arrived at his home, he had already been arrested elsewhere and that several individuals fled from the area surrounding his home. Molette presented his theory, that a third party had stashed the black bag on his property, to the jury. An agent from the Drug Enforcement Agency (DEA) testified, however, that drug dealers often hide their drugs outside their home in the hope that police will not discover the drugs during a search of the home. The jury accepted the DEA agent's testimony and rejected Molette's explanation of events. We will not disturb that credibility

determination.  See United States v. Runyan, 290 F.3d 223, 240 (5th Cir. 2002).

AFFIRMED.